**B1040 (FORM 1040) (12/15)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>Michelle L. Vieira, Chapter 7 Trustee<br>for Amir Golastan Parast a/ka Amir Golestan | **DEFENDANTS**<br>Kristin M. Golestan |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Barton Brimm, PA<br>P.O. Box 14805, Myrtle Beach, SC  29587 | **ATTORNEYS** (If Known)<br>Daniel J. Reynolds, Jr., Esq.<br>P.O. Box 11332, Columbia, SC  29211 |
| **PARTY** (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor         □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 U.S.C. § 544(b) and S.C. Code § 27-23-10 - Avoidance of Fraudulent Transfers - 11 U.S.C. §551 - Preservation for Benefit of Estate; 11 U.S.C. § 550 - Recovery of Avoided Transfers; 11 U.S.C. § 362 - Violation of Stay.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Promissory Estoppel, Accounting, Objection to Claim, Violation of Stay

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Amir Golastan Parast a/k/a Amir Golestan | BANKRUPTCY CASE NO.<br>19-05657-dd | | |
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Charleston | | NAME OF JUDGE<br>Duncan |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>Michelle L. Vieira, Chapter 7 Trustee for Amir Golastan a/k/a Amir Golestan | DEFENDANT<br>Kristin M. Golestan | | ADVERSARY PROCEEDING NO.<br>20-80080-dd |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>South Carolina | DIVISION OFFICE<br>Charleston | | NAME OF JUDGE<br>Duncan |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Christine E. Brimm | | | |
| DATE<br>10/19/20 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christine E. Brimm | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| Amir Golastan Parast a/k/a Amir Golestan, ) | Case # 19-05657-dd |
| ) | |
| Debtor. ) | |
| ) | |
| Michelle L. Vieira, Chapter 7 Trustee for ) | |
| Amir Golastan Parast a/k/a Amir Golestan, ) | |
| ) | Adv. Pro. No. 20 -____-dd |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kristin M. Golestan, ) | |
| ) | |
| Defendant. ) | |

**ADVERSARY COMPLAINT**
**(Discovery Required)**

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate of Amir Golastan Parast a/k/a Amir Golestan, hereby alleges against the Defendant as follows:

1. The Debtor Amir Golastan Parast a/k/a Amir Golestan ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court"), Case No. 19-05657 (the "Bankruptcy"), on October 28, 2019 (the "Petition Date"), and the case was converted to chapter 7 on February 14, 2020 (the "Conversion Date").

2. Plaintiff was appointed to act as Chapter 7 Trustee, in which capacity she brings this action.

1

3. Defendant Kristin M. Golestan ("Defendant") is the estranged spouse of the Debtor.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 157, and Local Civil Rule 83.IX.01 DSC.

5. This is a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(A), (B), (H), (K), (N), and/or (O).

**FOR A FIRST CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfer – The Meggett House)**
**[11 U.S.C. § 544(b) & S.C. Code § 27-23-10]**

6. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

7. The Debtor and Defendant were married on September 20, 2012.

8. During the marriage, the Debtor was the sole breadwinner for the family through his operation of and employment with his company Micfo, LLC ("Micfo").

9. On or about December 13, 2015, the Debtor and the Defendant acquired property located at 4639 Wilson Road, Hollywood, SC 29449 (referred to as the "Meggett House").

10. The Meggett House was purchased for $1,220,000.00.

11. To acquire the Meggett House, the Debtor executed a promissory note with PNC Mortgage, a division of PNC Bank, National Association, in the amount of $976,000.00 (the "Meggett Note").

12. The Debtor was and is the only obligor on the Meggett Note.

13. Upon information and belief, the Debtor funded the remaining purchase price for the Meggett House with funding from his operation of and/or employment with Micfo.

2

14. Upon information and belief, the Defendant did not contribute any funds to the purchase price of the Meggett House.

15. Despite her failure to contribute to the purchase price, the Defendant was placed on the title to the Meggett House, as a joint owner.

16. The Defendant acquired a one-half undivided interest in the Meggett House for no consideration.

17. The joint titling of the Meggett House in the name of the Defendant (the "Meggett Transfer") constitutes a transfer of an interest of the Debtor in property.

18. The Meggett Transfer was made without valuable consideration.

19. The Meggett Transfer was voluntary.

20. At the time of the Meggett Transfer, the Defendant was a family member and an insider of the Debtor.

21. At the time of the Meggett Transfer, the Debtor was indebted to one or more unsecured creditors with an allowable claim as of the Petition Date.

22. The Debtor did not retain sufficient assets to pay his creditors in full, resulting in this Bankruptcy action.

23. The Meggett Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.[1]

**FOR A SECOND CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfer – The Tradd House)**
**[11 U.S.C. § 544(b) & S.C. Code § 27-23-10]**

24. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

---

[1] The Trustee has filed or will be filing a separate adversary proceeding to determine what effect, if any, the Defendant's claimed marital interest in the Meggett House has on the rights and interest of the Trustee. The Trustee reserves all rights in connection therewith.

3

25. On or about November 12, 2017, the Debtor organized a limited liability company called The Morrison House, LLC ("The Morrison Company"), by filing Articles of Organization with the South Carolina Secretary of State.

26. The Morrison Company was designated as a manager-managed company, with the Debtor as the sole manager.

27. On or about November 13, 2020, the Debtor and the Defendant entered into an Operating Agreement for The Morrison Company, which designated the Defendant as a 50% member of the company.

28. Upon information and belief, the Debtor fully funded the expense of organizing The Morrison Company, and fully funded any initial contributions of both himself and the Defendant.

29. On or about February 9, 2018, The Morrison Company obtained title to property located at 125 Tradd Street, Charleston, South Carolina (the "Tradd House").

30. The purchase price of the Tradd House was $3,960,000.00.

31. The funding for the purchase of the Tradd House came from a loan in the amount of $3,000,000.00, for which The Morrison Company was the only obligor, and a cash payment of approximately $960,000.00.

32. Upon information and belief, the only source available to service the loan obtained by The Morrison Company was the Debtor, as The Morrison Company had no source of income, and neither did the Defendant.

33. Upon information and belief, the cash payment for the purchase of the Tradd House was funded by the Debtor through his earnings and/or through his operation of Micfo.

4

34. Upon information and belief, the Defendant did not contribute any funds to the purchase price of the Tradd House.

35. Despite her failure to contribute to the purchase price of the Tradd House, and despite her failure to contribute to the funding for the formation and creation of The Morrison Company, the Defendant acquired a 50% membership interest in The Morrison Company, and the right to distributions flowing therefrom, for no consideration.

36. The Debtor's creation and funding of The Morrison Company and designation of the Defendant as a 50% member constitutes a transfer of an interest of the debtor in property (the "Morrison Transfer").

37. The Debtor's contribution of funds for the purchase and maintenance of the Tradd House (the "Tradd Transfer") constitutes a transfer of an interest of the Debtor in property.

38. The Tradd Transfer was for the direct benefit, and had the effect of being a direct benefit, to the Defendant for no consideration.

39. The Tradd Transfer was made for the Defendant's benefit without valuable consideration.

40. The Morrison Transfer was made for the Defendant's benefit without valuable consideration.

41. The Tradd Transfer and/or the Morrison Transfer were voluntary.

42. At the time of the Tradd Transfer and the Morrison Transfer, the Defendant was a family member and an insider of the Debtor.

5

43. At the time of the Tradd Transfer and the Morrison Transfer, the Debtor was indebted to one or more unsecured creditors with an allowable claim as of the Petition Date.

44. The Debtor did not retain sufficient assets to pay his creditors in full, resulting in this Bankruptcy action.

45. The Tradd Transfer and the Morrison Transfer are avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.[2]

46. With the avoidance of the Morrison Transfer, the Defendant is not entitled to any membership rights in The Morrison Company.

### FOR A THIRD CAUSE OF ACTION
### (Promissory Estoppel – The Tradd House)

47. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

48. The Trustee was appointed in this case on February 14, 2020.

49. On February 21, 2020, the Defendant, though counsel, conveyed to the Trustee that the Defendant wanted the Tradd House to be sold.

50. On February 25, 2020, the Trustee met with the Defendant, at which time the Defendant stated affirmatively that she wanted the Tradd House sold as soon as possible.

51. The Trustee thereafter contacted the Defendant's preferred real estate agent, and on March 11, 2020, filed the application to employ Charles Sullivan to sell the Tradd House.

52. The Defendant did not object to the application to employ the agent.

---

[2] The Trustee has filed or will be filing a separate adversary proceeding to determine what effect, if any, the Defendant's claimed marital interest in the Morrison Company and/or the Tradd House has on the rights and interest of the Trustee. The Trustee reserves all rights in connection therewith.

6

53. The order authorizing the agent's employment was entered on March 27, 2020.

54. On March 11, 2020, the Trustee asked for the Defendant's input on the sale price for the Tradd house, and it was provided on March 19, 2020.

55. On July 14, 2020, the Trustee informed the Defendant that the agent recommended a reduction in the list price, and there was no objection by Defendant.

56. The Defendant gave her explicit approval for the Tradd House to be sold, both through her attorneys and also in statements made directly to the Trustee.

57. The Defendant urged the Trustee to sell the Tradd House as soon as possible.

58. In reliance on the Defendant's statements to sell the Tradd House, the Trustee undertook actions to market and sell the house.

59. It was reasonable for the Trustee to rely on the Defendant's statements urging her to sell the Tradd House.

60. The Trustee's reliance on the Defendant's statements regarding the sale of the Tradd House were foreseeable by the Defendant.

61. All actions taken by the Defendant during the marketing period for the Tradd House further confirmed and ratified the Defendant's approval for the Tradd House to be sold.

62. After the Trustee obtained a contract to sell the Tradd House, and despite the fact that the Defendant did not express any objection to the sale price or the buyer, the Defendant threatened to revoke her prior approval for the sale of the Tradd House.

63. The Defendant threatened to use the leverage that she perceived that she had as a member of The Morrison Company to unilaterally prevent the sale of the Tradd House.

64. Despite having no objection to the sale of the Tradd House itself, and despite the Trustee's attempt to reserve all rights and claims of the Defendant from the sale of the house so as not to prejudice the Defendant with respect to any of her claims regarding the calculation or distribution of the sale proceeds, the Defendant filed an objection to the Trustee's notice and application with the Bankruptcy Court seeking approval by the Bankruptcy Court to sell the Tradd House.

65. The Trustee has been damaged by the Defendant's revocation and/or attempted revocation of her approval for the sale of the Tradd House, and by the Trustee's reliance on the Defendant's statements to sell the Tradd House.

66. The Trustee is entitled to all remedies available against the Defendant, including but not limited to specific performance and monetary damages for all loss incurred by the Trustee as a result of the Defendant's breach of promises.

**FOR A FOURTH CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfer – The London Property)**
**[11 U.S.C. § 544(b) & S.C. Code § 27-23-10]**

67. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

68. On or around August of 2018, the Debtor and the Defendant traveled to London and selected numerous items of personal property for purchase, consisting of furniture, homeware, antiques, and decorative items (the "London Property").

69. Upon information and belief, the Debtor provided the funding for the London Property from assets and/or funds he acquired and controlled through his operations of Micfo and/or the Channel Partners.

70. The Defendant did not contribute to the purchase price of the London Property.

8

71. To the extent that the Defendant claims an ownership interest in the London Property separate and apart from a marital interest[3], any ownership interest in the London Property that was transferred to the Defendant was made without valuable consideration.

72. The transfer of an interest in the London Property to the Defendant, if any (the "London Property Transfer"), was voluntary.

73. At the time of the London Property Transfer, the Defendant was a family member and an insider of the Debtor.

74. At the time of the London Property Transfer, the Debtor was indebted to one or more unsecured creditors with an allowable claim as of the Petition Date.

75. The Debtor did not retain sufficient assets to pay his creditors in full, resulting in this Bankruptcy action.

76. The London Property Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.

**FOR A FIFTH CAUSE OF ACTION**
**(Avoidance of Fraudulent Transfer – Other Personal Property)**
**[11 U.S.C. § 544(b) & S.C. Code § 27-23-10]**

77. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

78. The Debtor and the Defendant acquired numerous other items personal property during their marriage, consisting of furniture, homeware, antiques, decorative items, art work, rugs, bank accounts, and other items of value which are property of the Bankruptcy Estate, and/or which is subject to marital apportionment between the Debtor and the

---

[3] The Trustee has filed or will be filing a separate adversary proceeding to determine what effect, if any, the Defendant's claimed marital interest in the London Property has on the rights and interest of the Trustee. The Trustee reserves all rights in connection therewith.

9

Defendant, which has not otherwise been specifically identified herein (the "Other Personal Property").

79. Upon information and belief, the Debtor provided the funding for the Other Personal Property from funds he acquired and controlled through his operations of Micfo and/or the Channel Partners.

80. The Defendant did not contribute to the purchase price of the Other Personal Property.

81. To the extent that the Defendant claims an ownership interest in the Other Personal Property separate and apart from a marital interest, any ownership interest in the Other Personal Property that was transferred to the Defendant was made without valuable consideration.

82. The transfer of an interest in the Other Personal Property to the Defendant, if any (the "Other Personal Property Transfer"), was voluntary.

83. At the time of the Other Personal Property Transfer, the Defendant was a family member and an insider of the Debtor.

84. At the time of the Other Personal Property Transfer, the Debtor was indebted to one or more unsecured creditors with an allowable claim as of the Petition Date.

85. The Debtor did not retain sufficient assets to pay his creditors in full, resulting in this Bankruptcy action.

86. The Other Personal Property Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.[4]

---

[4] The Trustee has filed or will be filing a separate adversary proceeding to determine what effect, if any, the Defendant's claimed marital interest in the Other Personal Property has on the rights and interest of the Trustee. The Trustee reserves all rights in connection therewith.

## FOR A SIXTH CAUSE OF ACTION
### (Preservation for Benefit of Estate – 11 U.S.C. § 551)

87. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

88. To the extent that the Trustee avoids any asserted interest of the Defendant in real or personal property, the Trustee asserts that such interest is automatically preserved for the benefit of the Estate, pursuant to 11 U.S.C. § 551.

## FOR A SEVENTH CAUSE OF ACTION
### (Accounting)

89. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

90. At the time that the domestic litigation was filed, the Defendant was in possession and control of assets acquired during the marriage, including but not limited to jewelry, bank accounts, furniture, art work, and other items of personal property, which became subject to marital apportionment upon the filing of the domestic litigation (the "Wife's Assets").

91. On the Petition Date, the Debtor had an equitable interest in the Wife's Assets as a result of the domestic litigation.

92. The Wife's Assets are property of the Bankruptcy Estate.

93. The Trustee is entitled to an accounting of any and all of the Wife's Assets which continue to be in the possession and control of the Defendant.

94. Upon information and belief, the Defendant has disposed of some of the Wife's Assets since the filing of the domestic litigation.

95. The Trustee is entitled to an accounting of any and all of the Wife's Assets which have been disposed of since the filing of the domestic litigation.

### FOR A EIGHTH CAUSE OF ACTION
**(Objection to Proofs of Claim)**

96. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

97. The Defendant filed three proofs of claim against the Bankruptcy Estate, Proof of Claim No. 26 ("POC 26"), Proof of Claim No. 27 ("POC 27"), and Proof of Claim No. 28 ("POC 28").

98. POC 28 preserves the Defendant's claim for equitable apportionment in the marital litigation.

99. The Trustee does not assert an objection to POC 28 at this time; however, the Trustee reserves the right to object at a later date should facts become known which support an objection.

100. The Defendant has failed to attach sufficient documentation to POC 26 and POC 27 to support the various categories of damages asserted.

101. The Defendant has failed to provide documentation to the Trustee to support the various categories of damages asserted in POC 26 and POC 27, despite a request from the Trustee.

102. The Trustee objects to the classification of the entirety of POC 26 and POC 27 as domestic support obligations, and asserts that the burden is on the Defendant to prove that each category of damages is a domestic support obligation.

103. Upon information and belief, POC 26 and POC 27 include claims for amounts that the Defendant did not pay and/or is not obligated to pay.

104. Upon information and belief, POC 26 and POC 27 include claims that are more appropriately classified as part of equitable apportionment, to the extent the Defendant has any claim to such amounts at all.

105. Upon information and belief, POC 26 and POC 27 include claims for amounts that are subject to reallocation by the Family Court.

106. Upon information and belief, POC 26 and POC 27 include claims that are subject to modification by the Family Court.

107. Upon information and belief, POC 26 and POC 27 include claims that have not been assessed against the Defendant by the Family Court.

108. POC 26 and POC 27 include claims for Guardian ad Litem fees that are a duplication of claims asserted directly by the Guardian ad Litem against the Estate.

109. Upon information and belief, POC 27 includes claims for amounts incurred after the Conversion Date.

110. Because the Defendant has refused to provide the supporting documentation for POC 26 and POC 27, the Trustee is unable to determine if there are other grounds for objection at this time.

111. The Trustee objects to POC 26 and POC 27 in their entireties, and objects to any component or category of such claims that are not fully supported by the evidence, including but not limited to the classification of such claims.

112. POC 26 and POC 27 should be disallowed.

### FOR A NINTH CAUSE OF ACTION
(Violation of Stay)

113. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

114. To the extent that the Debtor transferred assets to any third-party entity or person, such claims are exclusively the property of the Bankruptcy Estate, and the Trustee is the only person with the right to pursue such claims.

115. Until the Trustee has abandoned potential fraudulent transfer claims, creditors are precluded from not only bringing fraudulent transfer claims that might otherwise belong to the creditor, but are also precluded from pursuing claims that have a similar underlying focus.

116. On or about September 19, 2019, before the Petition Date, the Defendant filed a motion in the Family Court seeking to amend her complaint to add various third-parties as defendants in the Family Court matter.

117. The Defendant alleged at the time that the third-parties hold legal title to assets that constitute marital property.

118. The third-parties that the Defendant sought to bring claims against in the Family Court action include Micfo and the Channel Partners, as well as various family members of the Debtor and companies owned by family members of the Debtor.

119. If the Debtor transferred title to assets to any of these third-parties, or engaged in any act to title the Debtor's property into the name of any of these third-parties, such action would constitute grounds for the Trustee to bring a fraudulent transfer action.

120. The Defendant requested and obtained relief from stay to have the Family Court determine the equitable apportionment of marital assets and debts.

121. The Defendant did not seek relief from stay to assert claims against third parties, which claims are property of the Bankruptcy Estate.

122. Despite having not been granted relief from stay to pursue actions against these third-parties which have a similar focus as a fraudulent transfer action, the Defendant is pursuing her motion in the Family Court, post-Conversion, and has arranged for the motion to be set for hearing.

123. The Defendant's actions to bring claims against these third-parties constitute an attempt by the Defendant to exercise control over property of the estate, in violation of 11 U.S.C. § 362.

124. The Trustee seeks an order enjoining the Defendant from pursuing claims against these third-parties, and reserves the right to seek damages against the Defendant for such stay violation.

## FOR A TENTH CAUSE OF ACTION
**(Recovery of Avoided Transfers)**
**[11 U.S.C. § 550]**

125. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

126. Pursuant to 11 U.S.C. § 550, to the extent a transfer is avoided under 11 U.S.C. § 544, the Trustee is entitled to recover, for the benefit of the estate, the value of the property that was fraudulently transferred from the initial transferee or from any immediate or mediate transferee of such initial transferee.

127. The Trustee is entitled to recover from the Defendant any and all real and/or personal property for which a transfer to the Defendant is avoided, or the value of such real and/or personal property.

WHEREFORE, having fully set forth her Complaint, the Trustee prays that the Court avoid the fraudulent transfers as set forth here; that the Court order specific performance

15

as to the Defendant's promise relating to her approval for the sale of the Tradd House, and that the Court grant an award of damages to the Trustee for the injuries suffered by the Estate due to the Defendant's actions and efforts to derail the sale of the Tradd House; that the Court preserve all avoided interests for the benefit of the Estate; that the Court order an accounting of the Wife's Assets; that the Court disallow the Defendants' POC 26 and POC 27; that the Court enjoin the Defendant from pursuing claims against third-parties which are related to fraudulent transfer claims, and that the Court award damages against the Defendant as appropriate for violation of the stay; that the Court order recovery to the Trustee of avoided transfers; that the Court award the Trustee her fees, costs and expenses of this action; and for such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED on this the 19th day of October, 2020.

BARTON BRIMM, PA

/s/ Christine E. Brimm
Christine E. Brimm, #6313
P.O. Box 14805
Myrtle Beach, SC  29587
(803) 256-6582
cbrimm@bartonbrimm.com
Attorney for Trustee